UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
*Electronically Filed*

| | |
|---|---|
| WILLIAM EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GREENWOOD MOTOR LINES, INC. | ) Case No. 4:24-cv-00116-TWP-KMB |
| d/b/a R&L CARRIERS, | ) |
| | ) |
| and | ) |
| | ) |
| R&L CARRIERS SHARED SERVICES, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| CLAUDE BROOKS, | ) |
| | ) |
| *Defendants*. | ) |

**JOINT CASE MANAGEMENT PLAN**

**I.   Parties and Representatives**

    A.   William Evans

        a.   Jonathan B. Hollan
           Terry Goodspeed
           Sam Aguiar Injury Lawyers, PLLC
           1900 Plantside Drive
           Louisville, KY 40299
           Telephone: (502) 400-6969
           Facsimile: (502) 491-3946
           jhollan@kylawoffice.com
           terry@kylawoffice.com
           *Counsel for Plaintiff*

B. Greenwood Motor Lines, Inc. d/b/a R&L Carriers; R&L Carriers Shared Services, LLC; and Claude Brooks[1]

    a. Edward M. O'Brien
Trey Shoemaker
Wilson Elser Moskowitz Edelman and Dicker, LLP
100 Mallard Creek Rd., Suite 250
Louisville, KY  40207
502.238.8500
502.238.7844 (fax)
edward.obrien@wilsonelser.com
trey.shoemaker@wilsonelser.com
*Counsel for Defendants*

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. Subject Matter Jurisdiction

Pursuant to 28 USC 1332(a)(1), 28 USC 1441, and 28 USC 1446 ("diversity jurisdiction") the above captioned action has an amount in controversy which exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. Plaintiff, William Evans is a citizen of the Commonwealth of Kentucky. Defendant Greenwood Motor Lines, Inc. d/b/a R&L Carriers is domiciled in South Carolina, Ohio, and Florida. Defendant R&L Carriers Shared Services, LLC is domiciled in South Carolina, Ohio, and Florida. Defendant Claude Brooks is a citizen of Ohio. The parties are in agreement the amount in controversy is greater than $75,000, diversity of citizenship is present, and that subject matter under diversity jurisdiction is proper before this Court.

B. Statement of Plaintiff's Claims

Plaintiff William Evans alleges that while he was performing an electrical line installation Defendant Claude Brooks negligently struck the power line and caused the electrical pole to snap in turn causing Plaintiff's fall and injuries as well as damage to the power lines. Plaintiff alleges that Greenwood Motor Lines, Inc. d/b/a R&L Carriers; R&L Carriers Shared Services, LLC, were employers of Defendant Claude Brooks and are liable for Claude Brooks negligence under the theory of *respondeat superior*. Plaintiff William Evans has alleged negligence, gross negligence, negligence per se, *respondeat superior*, negligent

---

[1] Greenwood Motor Lines, Inc. d/b/a R&L Carriers; R&L Carriers Shared Services, LLC; and Claude Brooks have not filed an Answer to Plaintiff's claims but has a pending responsive pleading, a Partial Motion to Dismiss.

    hiring/training/retention/supervision, and punitive damages against the Defendants collectively.

  C. Statement of Defendant's Claims/Defenses

    Collectively, Defendants are in the process of evaluating the claim and all potential defenses but have filed a Partial Motion to Dismiss which is currently pending before this Court. Defendants claim that Plaintiff's claims for gross negligence, negligent hiring/training/retention/supervision, and punitive damages fail to plead facts sufficient to support the claims (as is more concretely asserted in the filing). Defendants collectively deny Plaintiff's allegations and reserve the right to fully supplement its defenses when and if the filing of an Answer becomes necessary. At this time, Defendants collectively deny liability for any and all allegations of Plaintiff's Complaint.

III. **Pretrial Pleadings and Disclosures**

  A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **December 26, 2024**. Pursuant to Fed. R. Civ. P. 26(a)(1)(E) which permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action, undersigned counsel is in agreement to an extended deadline based on Defendants Partial Motion to Dismiss and the potential for filing of an Amended Complaint.

  B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **January 10, 2025**.

  C. Defendant(s) shall file preliminary witness and exhibit lists on or before **January 17, 2025**.

  D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **January 31, 2025**.

  E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **January 26, 2025**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

> Sec. III E. The Parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to JudgeBarrChambers@insd.uscourts.gov. There is no need to follow the email with a hard copy.

  F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule:
    Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 26, 2025**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or

3

      before **September 25, 2025**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before September 25, 2025.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motion deadlines and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **120 days prior to trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **October 26, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, the parties agree to complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

      The parties believe that a substantial volume of ESI will not be produced in the case but anticipate that medical records, dash cam, log system, routing/dispatch system, cell phone information. The parties agree to exchange ESI in electronic format, with metadata upon request where available, and subject to objection. The parties agree to exchange ESI in its native format where possible.

          In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document

be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

### IV.  Discovery[2] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Yes.

Greenwood Motor Lines, Inc. d/b/a R&L Carriers; R&L Carriers Shared Services, LLC; and Claude Brooks may file a dispositive motion regarding liability of any Defendant and/or regarding the existence of an employee-employer relationship at the time of the alleged incident. The existence of this relationship and the applicability of *respondeat superior* liability is within the purview of the Court to determine. Additional defense theories may also be explored during the discovery process.

---

[2]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

      B.      On or before October 2, 2025, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

      C.      Select the track that best suits this case:

      _____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

      __**X**__ Track 2: Dispositive motions are expected and shall be filed by **August 26, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 26, 2025**; expert witness discovery and discovery relating to damages shall be completed **November 26, 2025**.

      _____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**      <u>**Pre-Trial/Settlement Conferences**</u>

> After discussing the case with counsel at the IPTC, it is anticipated that a settlement conference will occur in February 2025.

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.   The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in August 2025.

**VI.**      <u>**Trial Date**</u>

304513771v.1
304513771v.1

| | |
|---|---|
| The District Judge will select the trial date on a timeline deemed appropriate by the District Judge. | The parties request a trial date in December 2025.  The trial is by jury and is anticipated to take three (3) days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court. |

VII. **Referral to Magistrate Judge**

    A. **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.  The parties will discuss whether they agree to stipulate to referral to the magistrate judge.

    B. **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a.  brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

304513771v.1
304513771v.1

### IX. Other Matters

Greenwood Motor Lines, Inc. d/b/a R&L Carriers; R&L Carriers Shared Services, LLC; and Claude Brooks have filed a Partial Motion to Dismiss in response to Plaintiff's Complaint which has not yet been ruled upon. Therefore, it is anticipated that Plaintiff's claims before this Court may be altered by Court Order or Amended Complaint after the entry of this Joint Case Management Plan.

/s/ *Jonathan B. Hollan (with permission)*
Jonathan B. Hollan
Terry Goodspeed
Sam Aguiar Injury Lawyers, PLLC
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
jhollan@kylawoffice.com
terry@kylawoffice.com
*Counsel for Plaintiff*

/s/ *J. Trey Shoemaker*
Edward M. O'Brien
J. Trey Shoemaker
Wilson Elser Moskowitz Edelman and Dicker, LLP
100 Mallard Creek Rd., Suite 250
Louisville, KY 40207
502.238.8500
502.238.7844 (fax)
edward.obrien@wilsonelser.com
trey.shoemaker@wilsonelser.com
*Counsel for Defendants*

Distribution to:

| Jonathan B. Hollan<br>Terry Goodspeed<br>Sam Aguiar Injury Lawyers, PLLC<br>1900 Plantside Drive<br>Louisville, KY 40299<br>Telephone: (502) 400-6969<br>Facsimile: (502) 491-3946<br>jhollan@kylawoffice.com<br>terry@kylawoffice.com<br>*Counsel for Plaintiff* | Edward M. O'Brien<br>Trey Shoemaker<br>Wilson Elser Moskowitz Edelman and Dicker, LLP<br>100 Mallard Creek Rd., Suite 250<br>Louisville, KY  40207<br>502.238.8500<br>502.238.7844 (fax)<br>edward.obrien@wilsonelser.com<br>trey.shoemaker@wilsonelser.com<br>*Counsel for Defendants* |
|---|---|

304513771v.1
304513771v.1

| | |
|---|---|
| \_\_\_x\_\_\_\_\_ | PARTIES APPEARED BY COUNSEL ON **November 20, 2024**, FOR AN INITIAL PRETRIAL CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
| \_\_\_x\_\_\_\_\_ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____AT _____ .M., ROOM _____ . |
| _____ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: |
| | _____ IN PERSON IN ROOM _____ ; OR |
| | _____BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( \_\_\_\_ ) _____ ; OR |
| | _____BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( \_\_\_\_ ) _____ . |
| \_\_\_x\_\_\_\_\_ | DISPOSITIVE MOTIONS SHALL BE FILED BY **August 26, 2025.** |
| \_\_\_x\_\_\_\_\_ | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **June 26, 2025.** |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 11/20/2024

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana