UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WILLIAM EVANS )<br>)<br>    Plaintiff. )<br>)<br>v. )<br>)<br>GREENWOOD MOTOR LINES, INC. )<br>d/b/a R&L CARRIERS )<br>)<br>and )<br>)<br>R&L CARRIERS SHARED SERVICES, LLC )<br>)<br>and )<br>)<br>CLAUDE BROOKS )<br>)<br>    Defendants. ) | Case No. 4:24-cv-00116-TWP-KMB |

**DEFENDANT GREENWOOD MOTOR LINES, INC. d/b/a R+L CARRIERS' ANSWERS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

\* \* \* \*

Defendant, Greenwood Motor Lines, Inc. d/b/a R+L Carriers ("Greenwood"), by and through undersigned counsel, for its Answers to Plaintiff's First Requests for Production of Documents states as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1**: Produce all reports and investigations concerning the subject incident and involved parties prepared by anyone acting on behalf of Greenwood Motor Lines. This is to specifically include copies of all documents mandated the company's Event Reporting Procedures, to include the following:

    i.    All communications involving the Safety Department and Field Support Center

  ii. All photos taken using the R+L safety camera

  iii. All witness statements

  iv. All driver's statements

  v. All Initial Determination of Preventability documentation

  vi. Accident Ruling Preliminary Notification letters

  vii. Service Center Manager notes

  viii. Accident Review Committee notes, findings and determinations

  ix. All Serious Accident and Credit Points System determination documents

**RESPONSE:**

**Objection, as this Request for Production calls for the production of documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or that were prepared in anticipation of litigation. Subject to and without waiving the foregoing objections, Greenwood refers Plaintiff to the dash cam video and photographs previously produced with Defendants' initial disclosures.**

**REQUEST NO. 2:** Produce the Greenwood Motor Lines accident register maintained as required in 49 CFR 390.15(b) for the 3 years leading up to and including September 30, 2022.

**RESPONSE:**

**Objection, as this Request for Production calls for document production that is harassing, overbroad, unduly burdensome, and disproportionate to the needs of the case. Defendant further objects to this request as seeking documents not relevant to any claims or defenses asserted herein. Evidence pertaining to other accidents have no relevance to whether any alleged negligence by Claude Brooks caused or contributed to the subject motor vehicle accident. Further, this information is readily available to Plaintiff, as it is publicly available from the U.S. Department of Transportation.**

**REQUEST NO. 3:** Produce the entire Greenwood Motor Lines maintained personnel file and driver qualification file, to specifically include the post-incident testing results of September 30, 2022, of Defendant Claude Brooks. In relation to the driving history of Brooks, this is to specifically include all documentation relating to Driving Safety Conduct, Accidents

2

and Preventability Determinations related thereto and all Vehicular Accident Demerit Point System findings.

**RESPONSE:**

**Objection, as this Request is compound, overbroad, unduly burdensome, and seeking documents irrelevant to the claims and defenses asserted in this lawsuit. Specifically, Claude Brooks' driving history is not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same. Subject to and without waiving the foregoing objections, see the Driver Qualification File and Personnel File produced herewith.**

**REQUEST NO. 4:** Produce all Greenwood Motor Lines maintained Driver Logs, Shipping Documents and Fuel Receipts related to Claude Brooks and the equipment he was operating at the time of the subject incident.

**RESPONSE:**

**Objection, as this Request is overbroad, unduly burdensome, not sufficiently limited in time or scope, and disproportionate to the needs of the case. The requested materials are not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same. Subject to and without waiving the foregoing objections, Greenwood will produce driver logs for Brooks for the 7-day period prior to and including the date of the accident and bills of lading for deliveries made by Brooks on the date of the accident.**

**REQUEST NO. 5:** Please produce the entire drug and alcohol file of Defendant Brooks including, but not limited, to pre-employment, post-accident, random, reasonable suspicion, and return to duty drug and alcohol testing results maintained pursuant to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A), and released pursuant to 49 CFR 40.323.

**RESPONSE:**

**Objection, as this Request for Production calls for document production that is overbroad, unduly burdensome, harassing, and disproportionate to the needs of the case. Subject to and without waiving the foregoing objections, see Driver Qualification File produced herewith.**

3

**REQUEST NO. 6:** Produce the entire driver investigation history file or its equivalent for Defendant Brooks maintained pursuant to 49 CFR 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

**RESPONSE:**

**Please see Greenwood's Response to Request for Production No. 3.**

**REQUEST NO. 7:** Produce any other documents in your possession relating in any way to Defendant Claude Brooks.

**RESPONSE:**

**Objection, as this Request is non-specific, vague, and ambiguous as to "other documents." Defendant further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case.**

**REQUEST NO. 8:** Produce all pay records documenting and confirming payments made by Greenwood Motor Lines to Brooks for the year of 2022.

**RESPONSE:**

**Objection, as this Request for Production calls for document production that is overly broad, unduly burdensome, and not relevant to any party's claims or defenses. Defendant is not contesting vicarious responsibility for Evans' actions, and therefore, his pay records have no relevance to the claims and defenses asserted herein.**

**REQUEST NO. 9:** Please produce all of the following records of Defendant Brooks for the 30 days prior to the incident until the day following the incident which the Defendant is required to maintain under 49 CFR 395.8(k) and to preserve under 49 CFR 379 (including Appendix A, Note A).

    a. Bills of lading;

    b. Carrier pros;

    c. Freight bills;

    d. Dispatch records;

Objection, as this Request is compound, overbroad, unduly burdensome, not sufficiently limited in time or scope, and disproportionate to the needs of the case. Defendant further objects to this Request as seeking documents irrelevant to the claims and defenses asserted in this lawsuit. The requested materials are not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same. Subject to and without waiving the foregoing objections, Defendant is not in possession of responsive documents.

**REQUEST NO. 12:** Produce all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision for this driver and truck. You are hereby notified that you are required to place your supplier of the above system, as your agent, on notice that they are to save this data.

**RESPONSE:**

Objection, as this Request is undefined, vague, and ambiguous as to "similar systems data." Defendant further objects to this Request as overbroad, unduly burdensome, not sufficiently limited in time or scope, and disproportionate to the needs of the case. The requested materials are not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same. Without waiving the foregoing objections, see data produced herewith from the date of the accident.

**REQUEST NO. 13:** Produce all documents you reviewed and/or were provided which confirm that Claude Brooks is a safe driver worthy of driving under Greenwood Motor Lines' operating authority.

**RESPONSE:**

Objection, as "safe driver" is undefined, vague, and ambiguous. Subject to and without waiving the foregoing objection, lease see Greenwood's Response to Request for Production No. 3.

**REQUEST NO. 14:** Produce any and all compliance reviews undergone by Greenwood Motor Lines within the past four years.

**RESPONSE:**

Objection, as this Request for Production calls for document production that is harassing, overbroad, unduly burdensome, not sufficiently limited in time or scope, vague ambiguous as to "compliance reviews," and disproportionate to the needs of the case. The requested materials are not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same.

**REQUEST NO. 15:** Produce all DOT inspection reports related to inspections performed on commercial vehicles operated by Claude Brooks within the past four years.

**RESPONSE:**

Objection, as this Request for Production calls for document production that is overbroad, unduly burdensome, not sufficiently limited in time or scope, and disproportionate to the needs of the case. The requested materials are not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same.

**REQUEST NO. 16:** Produce all long form DOT physicals and a copy of all medical certificates and CDL licenses of Defendant Brooks.

**RESPONSE:**

Objection, to the extent this Request seeks information confidential medical information of Mr. Brooks. Subject to and without waiving the foregoing objection, see Driver Qualification File.

**REQUEST NO. 17:** Produce all photographs taken of the connected power unit vehicle operated by Defendant Brooks at the scene of the incident and all photos taken by Brooks or someone acting on his behalf.

**RESPONSE:**

Defendants have previously produced the requested photographs in their production with Initial Disclosures, and Greenwood refers Plaintiff to those photographs.

**REQUEST NO. 18:** Produce copies of any documentation evidencing the completion or non-completion of training programs and driver orientation programs by Defendant Brooks.

**RESPONSE:**

312905086v.1

**Greenwood has previously produced the requested photographs and dash camera footage in its production with Initial Disclosures and refers Plaintiff to that production.**

**REQUEST NO. 24:** Produce all repair orders, estimates and salvage documents relating to any and all of the vehicles involved in the subject incident.

**RESPONSE:**

**Greenwood is not in possession of responsive documents.**

**REQUEST NO. 25:** Produce all statements, written and/or verbal, recorded interviews, letters or reports of any kind that you, your counsel or anyone acting on your behalf, took, obtained or otherwise heard all persons relating to the subject incident and/or any matters relating to this litigation. Include the name, address and telephone number of the person taking, obtaining or hearing the statement, how it was recorded if at all, the date it was taken, obtained or heard, and whether it was signed or verified by anyone. Should the statement be transcribed, produce both the transcription and the audio/video.

**RESPONSE:**

**Objection, to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or that were prepared in anticipation of litigation. Subject to and without waiving the foregoing objection, Greenwood is not in possession of any non-privileged documents. For further explanation, see response to Interrogatory No. 7.**

**REQUEST NO. 26:** Provide copies of each, any and all insurance agreements, policies, umbrella policies and declaration sheets under which any person, partnership or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered against the Defendants or to indemnify or reimburse the Defendants for payments made to satisfy any judgment which may be entered against the Defendants. Should you currently have uncertified copies of the same and need to request certified copies, produce the complete, uncertified copies now and supplement certified copies upon receipt of the same.

12

312905086v.1

**RESPONSE:**

**Greenwood has already provided in Initial Disclosures the relevant declaration page indicating the liability policy limits available for this accident.**

**REQUEST NO. 27:** Produce a complete and exact copy of Defendant Brooks' post-incident testing results and the records for any other medical providers he saw following the subject incident.

**RESPONSE:**

**None.**

**REQUEST NO. 28:** Attach a curriculum vitae, report of opinions, listing of testimony and a compensation statement of each expert witness you, your attorneys or anyone acting on your behalf intend to disclose in this action and provide a supplementation, pursuant to CR 26.05, of your experts upon disclosure of the same.

**RESPONSE:**

**Greenwood objects to this Request as premature. Greenwood had yet to determine what testimony or exhibits it may offer at trial, and the deadline to do so has not passed. Greenwood agrees to disclose any evidence or exhibits intended to be used at trial at a later date upon any order of the Court and in compliance with the Case Management Order entered in this case. Further, Greenwood directs Plaintiff to its document production provided with these discovery responses, as well as materials produced with Defendants' initial disclosures, for documents that may be used at trial.**

**REQUEST NO. 29:** Produce copies of all exhibits, photographs, charts, diagrams, maps, drawings, summaries, videos, documents and real or demonstrative evidence of any kind which you expect or intend to introduce or use at trial in this litigation.

**RESPONSE:**

**Greenwood objects to this Request as premature. Greenwood had yet to determine what testimony or exhibits it may offer at trial, and the deadline to do so has not passed. Greenwood agrees to disclose any evidence or exhibits intended to be used at trial at a later date upon any order of the Court and in compliance with the Case Management Order entered in this case. Further, Greenwood directs Plaintiff to its document production**

13

**provided with these discovery responses, as well as materials produced with Defendants' initial disclosures, for documents that may be used at trial.**

**REQUEST NO. 30:** Produce any and all invoices generated by expert witnesses generated for performing all expert witness services to the defendant, including the pretrial preparation, any telephone conference, any trial testimony anticipated, and any other fee paid by the defendant for expert fees.

**RESPONSE:**

**Greenwood objects to this Request as premature. Greenwood had yet to determine experts who may testify at trial. Greenwood agrees to disclose any expert witness(-es) intended to be called at trial at a later date upon any order of the Court and in compliance with the Case Management Order entered in this case.**

**REQUEST NO. 31:** Produce all documents relaying information recorded by any type of Radar Collision Warning System, such as VORAD or other such systems, regarding all vehicles driven by Defendant Claude Brooks for the seven (7) days prior and up to the incident on September 30, 2022, including documents of the entire date of the incident.

**RESPONSE:**

**Objection, as this Request for Production calls for document production that is overbroad, unduly burdensome, not sufficiently limited in time or scope, and disproportionate to the needs of the case. The requested materials are not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same.**

**REQUEST NO. 32:** Produce certified copies of any and all printouts and copies of any and all electronic files of data imaged (i.e., downloaded) from the Airbag Control Module (ACM), Powertrain Control Module (PCM), and Roll Over Sensor (ROS) for the Greenwood Motor Lines vehicle involved in the subject incident. Should you currently have uncertified copies of the same and need to request certified copies, produce the complete, uncertified copies now and supplement certified copies upon receipt of the same.

14

**RESPONSE:**

**Objection, as this Request for Production calls for document production that is overbroad, unduly burdensome, not sufficiently limited in time or scope, and disproportionate to the needs of the case. The requested materials are not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same. Without waiving the foregoing objections, see data produced by Defendant from the date of the accident.**

**REQUEST NO. 33:** Produce complete copies of all of the inspection, maintenance, and repair records relative to the vehicle being driven by Defendant Claude Brooks at the time of the subject incident for the one-year period preceding the subject incident.

**RESPONSE:**

**Please see Greenwood's response to Request for Production No. 21.**

**REQUEST NO. 34:** Produce certified copies of any and all documentation, including accident and/or incident reports, internal or external investigations, and/or other notes pertaining to accidents and/or incidents involving any vehicle driven by Defendant Claude Brooks at any time which are in your possession. Should you currently have uncertified copies of the same and need to request certified copies, produce the complete, uncertified copies now and supplement certified copies upon receipt of the same.

**RESPONSE:**

**Objection, to the extent this Request seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or that were prepared in anticipation of litigation. Defendant further objects to this Request as compound, vague, ambiguous, not sufficiently limited in time or scope, and disproportionate to the needs of the case. Specifically, Claude Brooks' driving history is not relevant to the facts and circumstances of the subject motor vehicle accident and whether any alleged negligence by Brooks caused or contributed to the same. Subject to and without waiving the foregoing objections, see documents produced herewith.**

**REQUEST NO. 35:** Produce complete copies any and all of your internal documentation, including accident reports, internal or external investigations, and/or other notes

and without waiving the foregoing objections, see driver logs for the 7-day period prior to and including the date of the accident.

**REQUEST NO. 41:** Please provide complete copies of all operating authority forms, applications, documents and/or other information which were filed by or on behalf of Defendant Greenwood Motor Lines, including, but not limited to:

   a. U.S. Department of Transportation (DOT) number

   b. Motor Carrier (MC) number

   c. Motor Carrier Identification Report (MCS-150);

   d. Safety Certification Application (MCS-150A);

   e. Application for Motor Property Carrier & Broker Authority (Form OP-1) or Application for Motor Passenger Carrier Authority (Form OP-1(P));

   f. Appropriate surety bonds, certificates of insurance, proof of self-insurance or other securities or agreements with the FMCSA; and

   g. Designation of Agent for Service of Process Form (BOC-3).

**RESPONSE:**

Objection, as this Request for Production calls for document production that is harassing, overbroad, unduly burdensome, and not relevant to any party's claims or defenses. This information is readily available to Plaintiff, as it is publicly available from the U.S. Department of Transportation.

**REQUEST NO. 42:** Please provide a complete, certified copy of the following information obtained from Defendant Claude Brooks' previous employers:

   a. Alcohol tests with results greater than or equal to a BAC reading 0.04;

   b. Positive drug tests;

   c. Refusals to be tested;

   d. Re-hire considerations;

18

312905086v.1

    e. Crashes and violations

    f. MVR's, PSP's, DAC reports

    g. Other violations of drug and alcohol testing regulations; and

    h. Successful completions of return-to-duty requirements for any employee to whom those requirements would be applicable.

Should you currently have uncertified copies of the same and need to request certified copies, produce the complete, uncertified copies now and supplement certified copies upon receipt of the same.

**RESPONSE:**

**Objection, as this Request for Production calls for document production that are harassing, overbroad, unduly burdensome, not sufficiently limited in time or scope, disproportionate to the needs of the case, and not relevant to any party's claims or defenses. Subject to and without waiving the foregoing objections, see Driver Qualification File. Beyond that, Greenwood is not in possession, custody, or control of any other documents or materials responsive to this Request.**

**REQUEST NO. 43:** Please provide complete and accurate copies of all compliance reviews performed on you by the FMCSA or other regulatory or administrative organizations pursuant to 49 C.F.R. § 385.5.

**RESPONSE:**

**Objection, as this Request for Production calls for document production that is harassing overbroad, unduly burdensome, not sufficiently limited in time or scope, disproportionate to the needs of the case, and not relevant to any party's claims or defenses.**

**REQUEST NO. 44:** Pursuant to 49 C.F.R. § 390.15(b), please provide complete and accurate copies of all Greenwood Motor Lines accident registers for any collision or other occurrence in the past three years that resulted in a fatality, bodily injury requiring immediate medical treatment away from the scene, or towing of one or more vehicles. Please include at least the following information:

19

 a. Date of the collision or other incident;

 b. State the city, state, and nearest location where the collision or incident occurred;

 c. Greenwood Motor Lines's driver's complete name;

 d. Number of injuries in each collision and/or incident and total cumulative injuries;

 e. Number of fatalities in each collision and/or incident and total cumulative fatalities; and

 f. Whether hazardous materials other than fuel from the fuel tanks were released in the collision and/or other incident.

**RESPONSE:**

**Objection, as this Request for Production calls for document production that is harassing, overbroad, unduly burdensome, not sufficiently limited in time or scope, disproportionate to the needs of the case, and not relevant to any party's claims or defenses.**

**REQUEST NO. 45:** Produce any and all documents or materials identified, referenced or utilized in any way either in or in the process of responding to the above Interrogatories and/or Requests for Production of Documents not already produced in response to one of the Requests for Production of Documents above.

**RESPONSE:**

**None.**

**REQUEST NO. 46:** Produce any and all documents or materials identified, referenced or utilized in any way either in or in the process of responding to the above Interrogatories and/or Requests for Production of Documents not already produced in response to one of the Requests for Production of Documents above.

**RESPONSE:**

**None.**

20

312905086v.1

**REQUEST NO. 47:** If you have withheld any documents from production on the basis of privilege, please produce a privilege log which specifically identifies each document that has not been produced and the claimed privilege which you believe to be associated with each document as the basis for non-production.

**RESPONSE:**

**Defendant will comply with this Request.**

        Respectfully submitted,

        */s/ Edward M. O'Brien*
        Edward M. O'Brien
        Trey Shoemaker
        WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
        100 Mallard Creek Rd., Suite 250
        Louisville, KY  40207
        (502) 238-8500
        Edward.O'Brien@wilsonelser.com
        Trey.Shoemaker@wilsonelser.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

   I, the undersigned, hereby certify that the foregoing was served to the following this the 9th day of May, 2025, via electronic mail:

Jonathan B. Hollan
Terry Goodspeed
Sam Aguiar Injury Lawyers, PLLC
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
jhollan@kylawoffice.com
terry@kylawoffice.com
*Counsel for Plaintiff*
*Counsel for Plaintiff, William Evans*

                ***/s/ Edward M. O'Brien***
                *Counsel for Defendants*