

Jonathan B. Hollan
(502) 813-8890
jhollan@kylawoffice.com

June 9, 2025

**Via Electronic Mail:**

Hon. Edward M. O'Brien
Hon. Trey Shoemaker
Wilson Elser Moskowitz Edelman & Dicker, LLP
Edward.Obrien@wilsonelser.com
Trey.Shoemaker@wilsonelser.com

          **Re:**    *William Evans v. Greenwood Motor Lines, INC. d/b/a R&L Carriers*
                 U.S. District Court – Southern District of Indiana
                 Civil Action No. 4:24-cv-00116-TWP-KMB

Dear Counsel,

      Thank you for recently presenting Mr. Brooks for his deposition. As we continue to work through discovery in this matter, I write today to address numerous deficiencies within the document production of Greenwood Motor Lines, INC. d/b/a R&L Carriers as shared with our office to date.

**Requests for Production No. 1, 25, 35**

Your client has objected to the production of all documentation relating to the investigation of the subject incident, including the company's internal documentation relating to the incident, reports including internal investigation and/or incident reports and statements, recorded interviews, letters or reports that were taken relating to the incident. Pursuant to FRCP 34(b)(2)(c), "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Your responses to each of these requests plainly fails to identify whether responsive documents in fact exists and any appropriate basis as to which they are being withheld. Please supplement this response with either the production of the responsive documents or a response which is compliant with the cited rule.

1900 Plantside Drive
Louisville, KY 40299
(502) 888-8888

www.DemandSam.com
Fax: (502) 491-3946

620 West Main Street
Lexington, KY 40508
(859) 888-8000

**Requests for Production No. 2, 44**

Your client has objected to the production of the Greenwood Motor Lines accident register including any collision or other occurrence for the past three years leading up to the incident that resulted in a fatality, bodily injury requiring immediate medical treatment away from the scene, or towing of one or more vehicles which is required by 49 CFR 390.15(b). The requested documentation is relevant because the accident register directly relates to our client's negligent hiring, training, retention, and supervision claim. Please produce the requested documentation.

**Requests for Production No. 3**

The Driver Qualification File and Personnel File produced are not the complete documentation that was requested. The requested documentation in relation to the driving history of Brooks was to specifically include all documentation relating to Driving Safety Conduct, Accidents and Preventability Determinations related thereto and Vehicular Accident Demerit Point System findings. The requested documentation is relevant because it directly relates to our client's negligence claims. Moreover, Mr. Brooks testified as to these very processes being completed by the company in regards to the numerous collisions he has had since being hired, including the subject collision. Please produce the requested documents in full.

**Requests for Production No. 7**

Your client has objected to the production of documents that relate to Defendant Claude Brooks that are within their possession. Documents that relate to Defendant Claude Brooks within Greenwood Motor Lines' possession are relevant to my client's negligence claims in this action. Pursuant to FRCP 34(b)(2)(c), "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Your responses to each of these requests plainly fails to identify whether responsive documents in fact exists and any appropriate basis as to which they are being withheld. Please supplement this response with either the production of the responsive documents or a response which is compliant with the cited rule.

**Requests for Production No. 8**

Your client has objected to the production of Mr. Brooks' pay records. There is a factual dispute based on the testimony of Mr. Brooks and written discovery responses and document production as to the number of hours Mr. Brooks had rested and operated leading up to the subject collision. Please supplement the requested responsive documents.

**Requests for Production No. 14, 43**

Your client has objected to the production of compliance reviews undergone within the past four years and pursuant to 49 C.F.R. § 385.5. Compliance reviews undergone by Greenwood Motor Lines are relevant to my client's negligence claims in this action. Please produce the requested documentation.

1900 Plantside Drive  
Louisville, KY 40299  
(502) 888-8888

www.DemandSam.com  
Fax: (502) 491-3946

620 West Main Street  
Lexington, KY 40508  
(859) 888-8000

**Requests for Production No. 15**

Your client has objected to requested DOT inspection reports related to inspections performed on commercial vehicles operated by Claude Brooks within the past four years. DOT inspection reports are relevant to my client's negligence claims. Please produce all documents in your client's possession relating to all inspections as requested within our client's request.

**Requests for Production No. 26**

Our client requested all copies of each, any and all insurance agreements, policies, umbrella policies and declaration sheets under which any person, partnership or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered against Defendant or to indemnify or reimburse the Defendants for payments made to satisfy any judgement which may be entered against the Defendants. The declaration page provided in the Initial Disclosure is not the entire requested information. As you are undoubtedly aware, the Federal Rules of Civil Procedure mandate that the complete policies be produced in full, which your client has not done. Please provide the requested documentation in full.

**Requests for Production No. 31**

Your client has objected to the production of documents relating to information recorded by any type of Radar Collision or other crash mitigation technology regarding all vehicles driven by Defendant Claude Brooks for the seven (7) days prior and up to and including the date of the incident. This information is directly relevant to our client's negligence claims, particularly in light of the comparative fault disputed incident that is the subject of this action. Please produce the requested documents in full.

**Requests for Production No. 41**

Your client has refused to produce documentation within its possession relating to the applications which it has made for motor carrier operating authority with the Federal Motor Carrier Safety Administration. Your only basis for said objection is that such documents are "readily available to Plaintiff." As you may or may be aware, the current backlog for such requests to the federal government is 18-24 months. Our client does not have equal access to these documents which are plainly in the current possession of your client. Please produce the requested documentation.

**Requests for Production No. 47**

A privilege log was requested to specifically identify each document that has not been produced and the claimed privilege which you believe to be associated with each document as the basis for non-production. Your client has yet to comply with this request; therefore, we further request this information in full so that our office may work to evaluate any and all documents which have been withheld on the basis of privilege and your reasoning for the same as to each and every claimed privilege.

  This correspondence is intended as a good faith effort to resolve our pending discovery issues in this litigation pursuant to LR 37.1. I would ask that your client's supplemental production be produced to our office by the close of business on Friday, June 20th. Once these deficiencies have been cured, I would like to discuss the scheduling of Mr. Brooks' manager, dispatcher and the corporate representative of Greenwood pursuant to FRCP 30(b)(6).

  Feel free to give me a call should you have any questions or wish to further confer on the items identified herein.

                Respectfully ,

                Jonathan B. Hollan
                Terry Goodspeed
                *Counsel for William T.J. Evans*

1900 Plantside Drive
Louisville, KY 40299
(502) 888-8888

www.DemandSam.com
Fax: (502) 491-3946

620 West Main Street
Lexington, KY 40508
(859) 888-8000



August 8, 2025

**Edward M. O'Brien**
502.238.7851 (direct)
832.477.3786 (cell)
Edward.O'brien@wilsonelser.com

**J. Trey Shoemaker**
502.434.5003 (direct)
859.519.8370 (cell)
Trey.Shoemaker@wilsonelser.com

<u>Via Electronic Mail</u>

Hon. Jon Hollan
Hon. Terry Goodspeed
Aguiar Injury Lawyers, PLLC
1900 Plantside Drive
Louisville, KY 40299
jhollan@kylawoffice.com
terry@kylawoffice.com

**RE:**   *William Evans v. Greenwood Motor Lines, Inc. d/b/a R+L Carriers, R&L Carriers Shared Services, LLC, and Claude Brooks*
**U.S. District Court for the Southern District of Indiana, New Albany Division**
**Case No. 4:24-cv-00116-TWP-KMB**
*RESPONSE TO DISCOVERY DISPUTE LETTER*

Dear Counsel:

We are in receipt of Plaintiff's Discovery Dispute Letter of June 9, 2024, seeking supplementation of Defendant Greenwood Motor Lines, Inc.'s ("Greenwood") Responses to Plaintiff's First Set of Requests for Production. This correspondence serves as Greenwood's good-faith response to Plaintiff's correspondence as required by the Court's Order of November 20, 2024, ECF No. 28, Fed. R. Civ. P. 37(a)(1), and S.D. Ind. L.R. 37-1(a).

As an initial matter, Greenwood notes that "**non-expert witness discovery and discovery relating to liability issues" is and has been closed since June 26, 2025**. [ECF No. 27, § IV]. Plaintiff made no motion to extend this deadline. Dispositive motions are due in less than three weeks and the parties are preparing to disclose experts. While Greenwood is agreeable to supplementing some of its discovery responses (as more fully explained below), we are not agreeable to Plaintiff's request for additional fact witness depositions.

100 Mallard Creek Road, Suite 250 | Louisville, KY 40207 | p 502.238.8500 | f 502.238.7844 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Long Island, NY
Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA | Merrillville, IN
Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR | Raleigh, NC
San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

317789548v.1

As to the specific requests for supplementation, we disagree with Plaintiff that Greenwood's document production was deficient. However, we are agreeable to supplementing certain responses in an effort to compromise and avoid involving the Court. More specifically, we are agreeable to producing documents relevant to the direct claims against Defendant Claude Brooks, for which Greenwood has admitted it is vicariously liable given that Brooks was acting within the course and scope of his agency relationship.

As explained in our pending Motion for Partial Dismissal and forthcoming Motion for Partial Summary Judgment, Plaintiff's negligent hiring, training, retention, and supervision claims fail as a matter of Indiana law and—especially given that the deadline to complete fact discovery has expired—we decline to supplement Greenwood's responses as to requests that are relevant only to that facially improper claim.

As the Indiana Supreme Court has held, "[a]n employer's admission that an employee was acting within the course and scope of his employment precludes negligent hiring claims." *Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174, 11795 (Ind. 2017); *see also, e.g.*, *Perron v. JP Morgan Chase Bank, N.A.*, No. 1:12-cv-01853-TWP-TAB, 2014 U.S. Dist. LEXIS 30431 (S.D. Ind. Mar. 10, 2014) ("Under Indiana law, negligent supervision, retention and training may impose liability on an employer when an employee acts beyond the scope of his or her employment to commit a tortious injury upon a third party.").

We address Plaintiff's requests in the order in which you raise them in your June 9, 2024, correspondence:

### Requests for Production Nos. 1, 25, 35

**Request No. 1**: Produce all reports and investigations concerning the subject incident and involved parties prepared by anyone acting on behalf of Greenwood Motor Lines. This is to specifically include copies of all documents mandated the company's Event Reporting Procedures, to include the following:

    i. All communications involving the Safety Department and Field Support Center
    ii. All photos taken using the R+L safety camera
    iii. All witness statements
    iv. All driver's statements
    v. All Initial Determination of Preventability documentation
    vi. Accident Ruling Preliminary Notification letters
    vii. Service Center Manager notes
    viii. Accident Review Committee notes, findings and determinations
    ix. All Serious Accident and Credit Points System determination documents

**Request No. 25**: Produce all statements, written and/or verbal, recorded interviews, letters or reports of any kind that you, your counsel or anyone acting on your behalf,

took, obtained or otherwise heard all persons relating to the subject incident and/or any matters relating to this litigation. Include the name, address and telephone number of the person taking, obtaining or hearing the statement, how it was recorded if at all, the date it was taken, obtained or heard, and whether it was signed or verified by anyone. Should the statement be transcribed, produce both the transcription and the audio/video.

**Request No. 35**: Produce complete copies any and all of your internal documentation, including accident reports, internal or external investigations, and/or other notes pertaining to the subject incident, Brooks and/or the claims of the Plaintiff.

### *Greenwood's Response*

Greenwood is withholding no materials responsive to Requests for Production No. 1, 25, or 35 based on privilege.

### **Requests for Production Nos. 2, 44**

**Request No. 2**: Produce the Greenwood Motor Lines accident register maintained as required in 49 CFR 390.15(b) for the 3 years leading up to and including September 30, 2022.

**Request No. 44**: Pursuant to 49 C.F.R. § 390.15(b), please provide complete and accurate copies of all Greenwood Motor Lines accident registers for any collision or other occurrence in the past three years that resulted in a fatality, bodily injury requiring immediate medical treatment away from the scene, or towing of one or more vehicles. Please include at least the following information:

   a. Date of the collision or other incident;
   b. State the city, state, and nearest location where the collision or incident occurred;
   c. Greenwood Motor Lines's driver's complete name;
   d. Number of injuries in each collision and/or incident and total cumulative injuries;
   e. Number of fatalities in each collision and/or incident and total cumulative fatalities; and
   f. Whether hazardous materials other than fuel from the fuel tanks were released in the collision and/or other incident.

### *Greenwood's Response*

As the Indiana Supreme Court explained in *Sedam*, *supra*, "[w]hen an employer admits that an employee was acting within the course and scope of his or her employment, the employer may only be held liable under the doctrine of respondeat superior, and thus the plaintiff is precluded from also bringing a negligent hiring claim in most circumstances." *Sedam*, 84 N.E.3d at 1175.

317789548v.1

-4-

"To allow both [negligence and negligent hiring claims] would serve only to prejudice the employer, confuse the jury, and waste judicial resources when ultimately the result—that the employer is liable—is the same and the employer has stipulated as much. Such an admission exposes an employer to liability for any and all fault assessed to the employee's negligence, and thus a negligent hiring claim becomes duplicative since a plaintiff may not recover twice for the same damage." *Id.* at 1178.

Because Defendant Greenwood has admitted it would be vicariously liable for any negligent conduct by Brooks in connection with this accident,[1] the documents sought in Requests 2 and 44—relating to accidents involving drivers *other than Brooks*—cannot possibly be relevant to Plaintiff's claims, nor would requiring its production be consistent with the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1). Indeed, your correspondence acknowledges that the documentation sought "is relevant because" they "directly relate to [Plaintiff's] negligent hiring, training, retention, and supervision claim." Plaintiff does not contend that the materials would be relevant to the direct negligence claim. Accordingly, Greenwood declines to supplement its responses to these Requests.

### Request for Production No. 3

**Request No. 3:** Produce the entire Greenwood Motor Lines maintained personnel file and driver qualification file, to specifically include the post-incident testing results of September 30, 2022, of Defendant Claude Brooks. In relation to the driving history of Brooks, this is to specifically include all documentation relating to Driving Safety Conduct, Accidents and Preventability Determinations related thereto and all Vehicular Accident Demerit Point System findings.

#### *Greenwood's Response*

We believe Greenwood has produced the entirety of the information relating to Defendant Brooks contemplated by this Request. However, we have asked Greenwood to search for and we will produce any additional, relevant documents responsive to this Request—notwithstanding that fact discovery is now closed.

### Request for Production No. 7

**Request No. 7**: Produce any other documents in your possession relating in any way to Defendant Claude Brooks.

#### *Greenwood's Response*

Please see our response above regarding Plaintiff's Request for Production No. 3. In addition, we note that courts in the Seventh Circuit have held that "catch all" requests such as these fail the particularity requirement of Fed. R. Civ. P. 34(b). *See, e.g., Amcast Indus. Corp. v. Detrex Corp.*, 138 F.R.D. 115, 120–21 (N.D. Ind. 1991) (overruling motion to compel production pursuant to

---

[1] To be clear, Defendants vigorously deny that Brooks was negligent.

317789548v.1

request for "all writings relating to or describing" the subject, as it failed the particularity requirement of the rule). Therefore, Request No. 7 is plainly improper, but we will supplement our response to the more narrowly tailored and particularized Request No. 3 to the extent additional documents are in Greenwood's possession, custody, or control.

### Request for Production No. 8

**Request No. 8**: Produce all pay records documenting and confirming payments made by Greenwood Motor Lines to Brooks for the year of 2022.

### *Greenwood's Response*

We reject Plaintiff' suggestion that there is any "factual dispute" regarding "the number of hours Mr. Brooks had rested and operated leading up to the subject collision." Regardless, and in an effort to compromise, we will produce Mr. Brooks' pay records for the week leading up to and day of the subject accident. Your letter makes no attempt to articulate why Mr. Brooks' pay records for the **entire year** of 2022 could possibly be relevant to this action, nor can we discern any basis to conclude such materials are relevant.

### Request for Production Nos. 14 and 43

**Request No. 14:** Produce any and all compliance reviews undergone by Greenwood Motor Lines within the past four years.

**Request No. 43**: Please provide complete and accurate copies of all compliance reviews performed on you by the FMCSA or other regulatory or administrative organizations pursuant to 49 C.F.R. § 385.5.

### *Greenwood's Response*

Your letter states that this information is "relevant to [the] negligence claims," but articulates no reason why. On the contrary, compliance reviews for Greenwood for the *four years* leading up to this accident has no possible relevance to whether Claude Brooks was negligent with respect to the subject accident on September 30, 2022. Given Plaintiff's failure to articulate any theory of relevancy for such materials, Greenwood will stand on its objections.

### Request for Production No. 15

**Request No. 15**: Produce all DOT inspection reports related to inspections performed on commercial vehicles operated by Claude Brooks within the past four years.

### *Greenwood's Response*

Here again, your letter states that this information is "relevant to [the] negligence claims," but articulates no reason why. As you know, there is no allegation or evidence that any issues with the

vehicle operated by Brooks on the date of the accident had any role in causing the accident. Even if such evidence existed, Plaintiff's request for DOT inspection reports dating back four years on every vehicle Brooks operated is plainly unreasonable and is not relevant to Plaintiff's claims in this action. Given Plaintiff's failure to articulate any theory of relevancy for such materials, Greenwood will stand on its objections.

### Request for Production No. 26

**Request No. 26**: Provide copies of each, any and all insurance agreements, policies, umbrella policies and declaration sheets under which any person, partnership or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered against the Defendants or to indemnify or reimburse the Defendants for payments made to satisfy any judgment which may be entered against the Defendants. Should you currently have uncertified copies of the same and need to request certified copies, produce the complete, uncertified copies now and supplement certified copies upon receipt of the same.

### *Greenwood's Response*

We have already produced the declaration page in this matter advising there is a $5,000,000 self-insured before any policy of insurance would be relevant. However, Greenwood will produce the requested documents.

### Request for Production No. 31

**Request No. 31**: Produce all documents relaying information recorded by any type of Radar Collision Warning System, such as VORAD or other such systems, regarding all vehicles driven by Defendant Claude Brooks for the seven (7) days prior and up to the incident on September 30, 2022, including documents of the entire date of the incident.

### *Greenwood's Response*

Greenwood has already produced available data, including speed data, for the date of the accident. It has no further information or documents responsive to this Request.

### Request for Production No. 41

**Request No. 41**: Please provide complete copies of all operating authority forms, applications, documents and/or other information which were filed by or on behalf of Defendant Greenwood Motor Lines, including, but not limited to:

    a.      U.S. Department of Transportation (DOT) number
    b.      Motor Carrier (MC) number
    c.      Motor Carrier Identification Report (MCS-150);
    d.      Safety Certification Application (MCS-150A);

  e. Application for Motor Property Carrier & Broker Authority (Form OP-1) or Application for Motor Passenger Carrier Authority (Form OP-1(P));
  f. Appropriate surety bonds, certificates of insurance, proof of self-insurance or other securities or agreements with the FMCSA; and
  g. Designation of Agent for Service of Process Form (BOC-3).

### *Greenwood's Response*

Although irrelevant, Greenwood will produce the requested documents.

### **Request for Production No. 47**

**Request No. 47**: If you have withheld any documents from production on the basis of privilege, please produce a privilege log which specifically identifies each document that has not been produced and the claimed privilege which you believe to be associated with each document as the basis for non-production.

### *Greenwood's Response*

Greenwood has withheld no responsive documents on the basis of privilege.

### **CONCLUSION**

While fact discovery is closed, we will supplement Greenwood's production as set forth above in an effort to compromise with Plaintiff. However, Greenwood is not agreeable to further fact witness depositions. The parties should now proceed with expert discovery, dispositive motions, and trial preparations.

Respectfully yours,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ J. Trey Shoemaker*
J. Trey Shoemaker

Cc: Edward M. O'Brien, Wilson Elser