UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
*Electronically Filed*

| | |
|---|---|
| WILLIAM EVANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREENWOOD MOTOR LINES, INC. )<br>d/b/a R&L CARRIERS, )<br>)<br>and )<br>)<br>R&L CARRIERS SHARED SERVICES, LLC, )<br>)<br>and )<br>)<br>CLAUDE BROOKS, )<br>)<br>Defendants. ) | Case No. 4:24-cv-00116-TWP-KMB |

**JOINT MOTION TO MODIFY CERTAIN CASE MANAGEMENT DEADLINES**

Plaintiff William Evans and Defendants Greenwood Motor Lines, Inc. R&L Carriers Shared Services, LLC, and Claude Brooks, by and through counsel, and pursuant to the Court's order of August 14, 2025 [Filing No. 53], hereby jointly move to modify certain case management deadlines. As grounds, the parties state as follows:

1. On August 14, 2025, the parties appeared before Magistrate Judge Kellie M. Barr for a telephonic discovery conference. The conference focused primarily on Plaintiff's request that Defendant Greenwood Motor Lines, Inc. ("Greenwood") supplement certain of its responses to Plaintiff's Requests for Production, as well as Plaintiff's desire to take up to three additional fact witness depositions—namely, the depositions of Defendant Claude Brooks' manager and dispatcher, as well as a Fed. R. Civ. P. 30(b)(6) deposition of Defendant Greenwood.

2.  After extensive discussion with Judge Barr, the parties reached agreement on most areas of dispute as to Greenwood's document production and Greenwood agreed to supplement its production by August 21, 2025. Through further discussion following the telephonic discovery conference, Greenwood and Plaintiff agreed to a short extension of this production deadline to August 28, 2025, as Greenwood required additional time to gather the agreed-upon supplemental production. The Court also indicated that it would allow, over Defendants' objection, the three additional depositions requested by Plaintiff. Finally, the Court explained that "[o]ther than these three depositions and Defendants' forthcoming discovery supplementation, however, the non-expert/liability discovery deadline is not being generally extended." [*See* Filing No. 53]. The parties were further directed to meet and confer to discuss three remaining areas of possible dispute relating to Plaintiff's Request for Production Nos. 14, 31, and 43, and to file a Joint Status Report describing the status of those disputes by August 28, 2025. [*See id.*]. Finally, the Court ordered the parties to meet and confer and file a joint motion to extend any current case management plan deadlines they believe are impacted by the discovery supplementation and the anticipated depositions. [*See id.*]

3.  The parties have met and conferred as directed by the Court and, in anticipation of Defendant Greenwood's forthcoming supplementation on August 28, 2025, believe that it will be necessary to modify certain existing deadlines set forth in the approved Case Management Plan [Filing No. 27], as set forth more fully below.

4.  With respect to non-expert/liability discovery, as reflected by the Court's order, the existing deadline of June 26, 2025, is "not being generally extended." [*See* Filing Nos. 27, 53]. The parties anticipate Greenwood will make its supplementation by August 28, 2025. Based on

318631855v.1

that anticipated production date, and assuming no further areas of dispute remain,[1] the parties believe the depositions of Defendant Brooks' manager and dispatcher and any Rule 30(b)(6) deposition of Defendant Greenwood could be completed by October 17, 2025. The basis for the parties' anticipated timetable for completing these remaining limited non-expert/liability discovery items is more fully discussed in their Joint Status Report, which is being filed contemporaneously with this Motion.

5.  Based on the above timetable, the parties believe the existing case management deadlines should be modified as follows:

   a. Plaintiff's deadline to serve his expert disclosures should be extended from the current deadline of August 26, 2025, to October 31, 2025.

   b. The parties' deadline to file any dispositive motions shall be extended from the current deadline of August 26, 2025, to October 31, 2025.

   c. Defendants' deadline to serve their expert disclosures should be extended from the current deadline of September 26, 2025, to December 1, 2025.

   d. The parties' deadline to complete expert witness discovery and discovery relating to damages should be extended from the current deadline of November 26, 2025, to January 26, 2026.

   e. Any party wishing to preclude expert testimony at trial shall file any such motions on or before February 16, 2026 (the current deadline is 120 days prior to trial).

6.  The parties do not believe these deadline revisions will impact the current May 4, 2026, trial date, but they are mindful of the Court's busy docket and defer to the Court's judgment

---

[1] If—after meeting and conferring as required by the Court—areas of dispute do remain, one or both of the parties will promptly contact Judge Barr's chambers to set a call to discuss those items.

as to whether the May 4, 2026, trial date is realistic if the parties' revised deadlines are adopted. For its part, Greenwood does anticipate filing a motion for summary judgment on at least some of Plaintiffs' claims. Of course, the parties cannot anticipate until after expert disclosures are completed whether they will seek to exclude some or all of the opposing party's experts from testifying at trial.

7. The request for the revised deadlines is made by the parties in good faith and not for the purpose of causing unduly delay. While the Court is allowing the proposed depositions and some of the document supplementation to proceed over Defendants' objection, Defendants agree that allowing those discovery items to move forward makes the above proposed revisions to the existing Case Management Plan necessary, sensible, and appropriate under the circumstances, and for that reason Defendants join in the request for the deadline modifications as set forth above.

**WHEREFORE**, the parties respectfully request that the Court grant their motion and modify the existing Case Management Plan deadlines as set forth above.

**DATED: August 25, 2025.**

Respectfully submitted,

*/s/ Jonathan B. Hollan*
Jonathan B. Hollan
Terry Goodspeed
Sam Aguiar Injury Lawyers, PLLC
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
jhollan@kylawoffice.com
terry@kylawoffice.com
*Counsel for Plaintiff*

*/s/ Edward M. O'Brien*
Edward M. O'Brien
J. Trey Shoemaker
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
100 Mallard Creek Rd., Suite 250
Louisville, KY  40207
502.238.8500
502.238.7844 (fax)
edward.obrien@wilsonelser.com
trey.shoemaker@wilsonelser.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing was electronically filed with the Court on August 25, 2025, using the CM/ECF system, which will send notice of filing to the following counsel of record:

Jonathan B. Hollan
Terry Goodspeed
Sam Aguiar Injury Lawyers, PLLC
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
jhollan@kylawoffice.com
terry@kylawoffice.com
*Counsel for Plaintiff*

                */s/ Edward M. O'Brien*
                *Counsel for Defendants*