UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION
*Electronically Filed*

| | | |
|---|---|---|
| WILLIAM EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREENWOOD MOTOR LINES, INC. | ) | Case No. 4:24-cv-00116-TWP-KMB |
| d/b/a R&L CARRIERS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| R&L CARRIERS SHARED SERVICES, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CLAUDE BROOKS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ANSWER OF DEFENDANTS GREENWOOD MOTOR LINES, INC., AND R&L CARRIERS SHARED SERVICES, LLC, TO PLAINTIFF'S COMPLAINT

Defendants Greenwood Motor Lines, Inc. ("R+L"), and R&L Carriers Shared Services, LLC, by and through undersigned counsel, for their Answer to Plaintiff's Complaint state as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 USC 1332 (a)(1)-(2) ("diversity jurisdiction"), as the Plaintiff is a citizen of the Commonwealth of Kentucky and the Defendants are citizens of the state of Ohio and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 1 of the Complaint.**

Page **1** of **30**

## PARTIES

2.      Plaintiff William Evans is a resident and citizen of Tollesboro, Kentucky.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 2 of the Complaint upon information and belief.**

3.      Defendant Greenwood Motor Lines, Inc. ("R+L") is a foreign, for-profit corporation organized under the laws of South Carolina with a principal place of business located at 600 Gillam Road, Wilmington, OH 45177. R+L is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration, No. 63391. As stated in recent MCS-150 filings,[1] R+L has 9,944 trucks and 10,240 drivers operating on interstate highways. R+L may be served process by serving its registered agent for service of process, CT Corporation System, 2 Office Park, Suite 103, Columbia, South Carolina 29223.[2]

**ANSWER**:    **Defendant Greenwood Motor Linces, Inc., admits the allegations set forth in Paragraph 3 of the Complaint pertaining to its state of organization, principal place of business, and registered agent and further admits that it is a registered motor carrier. Defendant denies the remaining allegations set forth in Paragraph 3.**

4.      Defendant R&L Carriers Shared Services, L.L.C. ("R&L Carriers) is a foreign, for-profit corporation organized under the laws of Ohio with a principal place of business located at 600 Gillam Road, Wilmington, OH 45177. R&L Carriers may be served process by serving its

---

[1]      MCS-150 refers to the form number of a mandatory filing with the Federal Motor Carrier Safety Administration for registered motor carriers

[2]      See **Exhibit 1**, confirming R+L's principal office address and **Exhibit 2** confirming the company's state of incorporation and registered agent information.

320944389v.1

registered agent for service of process, CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.[3]

**ANSWER**:    **Defendant R&L Carriers Shared Services, LLC, admits the allegations set forth in Paragraph 4 of the Complaint.**

5.    Defendant Claude Brooks is a resident of Xenia, Ohio and can be served at 1435 Deer Creek Drive, Suite 4, Xenia, OH 45385.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 5 of the Complaint.**

6.    Plaintiff alleges that at all times herein, Brooks was an agent, servant, employee, and/or statutory employee of Defendant R+L and was at all times relevant, acting within the purpose and scope of said agency and employment and with knowledge, consent, and ratification of Defendant R+L.

**ANSWER**:    **The allegations set forth in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant Greenwood Motor Lines, Inc., admits that Defendant Claude Brooks was operating in his capacity as its agent at the time of the subject motor vehicle accident. The remaining allegations set forth in Paragraph 6 are denied.**

## FACTS

7.    Defendant R+L is a registered motor carrier engaged in the business of interstate commerce.

---

[3]    See **Exhibit 3**, confirming R+L Carriers' state of incorporation and registered agent information.

**ANSWER**:    Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendant R&L Carriers is a sister-company to R+L which upon information and belief employs the drivers who operate on/under the motor carrier operating authority of R+L.

**ANSWER**:    Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9.      As used herein, R+L Defendants shall refer collectively to Defendants R+L and R&L Carriers.

**ANSWER**:    The rhetorical allegations set forth in Paragraph 9 of the Complaint require no response from Defendants.

10.     On or before September 30, 2022, Defendant R+L had promulgated practices, policies, and procedures regarding the safety of the motoring public as a motor carrier. These policies, practices, and procedures were formed and implemented from the corporate headquarters of Defendant R+L in Ohio. The decisions made by this Defendant did have direct cause bearing on the preventability of the incident that forms the basis of the claims before this Court, specifically including the policies, practices, and procedures and the implementation of the same regarding driver dispatch, routing, fitness, distracted and fatigued driving and whether what Defendant R+L did or did not do to prevent, improperly dispatched routes and/or unfit, distracted and fatigued driving as related to their fleet of thousands of large trucks that travel over interstate roadways across the United States.

**ANSWER**:    In response to the allegations set forth in Paragraph 10 of the Complaint, Defendant Greenwood Motor Lines, Inc., admits it is a motor carrier and has

promulgated certain practices, policies, and procedures regarding safety. Defendants deny the remaining allegations set forth in Paragraph 10.

11.    That R+L advertises itself as a family-owned freight shipping company that will "ship anything, anywhere, anytime".

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 11 of the Complaint.**

12.    On September 30, 2022, at or near 10:20 a.m., Defendant Brooks operated a tractor-trailer within the course and scope of his employment and/or as an agent and/or as a statutory employee of R+L.

**ANSWER**:    **Defendants admit that Defendant Claude Brooks was, at the time of the subject accident, acting within the course and scope in his capacity as an agent of Defendant Greenwood Motor Lines, Inc. Defendants deny the remaining allegations set forth in Paragraph 12 of the Complaint.**

13.    The gross vehicle weight of the tractor-trailer being operated by Brooks was up to 80,000 pounds.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 13 of the Complaint.**

14.    The tractor-trailer operated by Brooks was a commercial vehicle with a gross vehicle weight in excess of 10,001 pounds, involved in interstate commerce and thus subject to compliance with the Federal Motor Carrier Safety Regulations ("FMCSR") and applicable Indiana law governing the operation of commercial trucks.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 14 of the Complaint.**

320944389v.1

15.    Brooks was operating the tractor-trailer on Lutz Road, a rural residential roadway in Guilford, Indiana, as shown in the below satellite mapping:



**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 15 of the Complaint.**

16.    At or near the same time, Plaintiff, working in the capacity of an electric company foreman, was performing electrical line installation work in a wooded area just north of the intersection of Lutz Road and Williamsridge Lane.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 16 of the Complaint upon information and belief.**

17.    That Plaintiff and another crew member working on the installation had parked their bright yellow bucket truck, with its emergency warning equipment activated, along with the

Page **6** of **30**

truck's accompanying line trailer adjacent to the roadway at the intersection of Lutz Road and Williamsridge Lane.

**ANSWER**:    **In response to the allegations set forth in Paragraph 17 of the Complaint, Defendants admit upon information and belief that Plaintiff was working in the area described. Defendants specifically deny that any effective or reasonable "warning" was provided to Defendant Claude Brooks or anyone else traveling on the public roadway, and deny the remaining allegations set forth in Paragraph 17.**

18.    That the bright yellow electric company bucket truck and its activated emergency warning equipment were placed in a position to alert passing motorists and other traffic of the active electrical work being performed in the area.

**ANSWER**:    **In response to the allegations set forth in Paragraph 18 of the Complaint, Defendants specifically deny that any effective or reasonable "warning" was provided to Defendant Claude Brooks or anyone else traveling on the public roadway, and deny the remaining allegations set forth in Paragraph 18.**

19.    That, upon information and belief, the R+L truck being operated by Brooks on the rural residential roadway had a height of more than thirteen (13) feet.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 19 of the Complaint.**

20.    That, upon information and belief, the R+L truck being operated by Brooks on the rural residential roadway was more than eight (8) feet wide.

**ANSWER**:    **Defendants admit the allegations set forth in Paragraph 20 of the Complaint.**

320944389v.1

21.    That, upon information and belief, the R+L truck being operated by Brooks was nearly as wide as the rural residential roadway.

**ANSWER**:    **Defendants deny the allegations set forth in Paragraph 21 of the Complaint.**

22.    That, upon information and belief, the R+L truck being operated by Brooks on the rural residential roadway was more than seventy (70) feet long.

**ANSWER**:    **Defendants deny the allegations set forth in Paragraph 22 of the Complaint, as the truck itself was not more than seventy feet long.**

23.    That R+L has a company safety policy which states that "R+L Carriers believes that every task can and must be done safely".

**ANSWER**:    **Defendants deny as stated the allegations set forth in Paragraph 23 of the Complaint, as it does not reference any specific safety policy document or statement and does not offer a complete description or quotation of the pertinent safety policy.  Defendants further deny these allegations to the extent they allege or imply that these Defendants or Defendant Claude Brooks failed to comply with any such policy.**

24.    That R+L has a company safety policy which states that "Employees are required to report all accidents, injuries, spills and related incidents to the Safety Department immediately".

**ANSWER**:    **Defendants deny as stated the allegations set forth in Paragraph 24 of the Complaint, as it does not reference any specific safety policy document or statement and does not offer a complete description or quotation of the pertinent safety policy. In further response, Defendants state that Defendant Greenwood Motor Lines, Inc., generally requires all accidents, injuries, and related incidents to be reported to the safety department promptly, and that this was done here. Defendants further deny these allegations to the**

extent they allege or imply that these Defendants or Defendant Claude Brooks failed to comply with any such policy.

25.     That R+L has a company safety policy which states that "Every vehicular accident will be reviewed by the Safety Department and will be ruled as *preventable, non-preventable, or as an incident*".

**ANSWER**:     **Defendants deny as stated the allegations set forth in Paragraph 25 of the Complaint, as it does not reference any specific safety policy document or statement and does not offer a complete description or quotation of the pertinent safety policy. Defendants further deny these allegations to the extent they allege or imply that these Defendants or Defendant Claude Brooks failed to comply with any such policy.**

26.     That R+L has a company safety policy which states that "in order to support the finding of an alleged incident, employees shall be required to respond to all requests by the Safety Department".

**ANSWER**:     **Defendants deny as stated the allegations set forth in Paragraph 26 of the Complaint, as it does not reference any specific safety policy document or statement and does not offer a complete description or quotation of the pertinent safety policy. Defendants further deny these allegations to the extent they allege or imply that these Defendants or Defendant Claude Brooks failed to comply with any such policy.**

27.     That R+L has a company safety policy which states that "the Vice President of Safety or designee makes the initial determination of whether an accident is preventable".

**ANSWER**:     **Defendants deny as stated the allegations set forth in Paragraph 27 of the Complaint, as it does not reference any specific safety policy document or statement and does not offer a complete description or quotation of the pertinent safety policy.**

320944389v.1

28.     That R+L maintains a point system for monitoring the safety of its drivers which is defined as the company's "Vehicular Accident Demerit Point System for Drivers".

**ANSWER**:     **Defendants admit the allegations set forth in Paragraph 28 of the Complaint.**

29.     That the size of the R+L truck being operated by Brooks made the commercial vehicle extremely difficulty to navigate the rural residential roadway, including the sharp intersection of Lutz Road and Williamsridge Lane.

**ANSWER**:     **Defendants deny the allegations set forth in Paragraph 29 of the Complaint.**

30.     That while attempting to navigate the sharp right-hand turn at the intersection of Lutz Road and Williamsridge Lane, Brooks struck a power line with the R+L truck that was being actively worked on by the Plaintiff in the wooded area just north of the intersection.

**ANSWER**:     **In response to the allegations set forth in Paragraph 30 of the Complaint, Defendants admit that Defendant Claude Brooks struck a power line at the location described. Defendants deny as stated the remaining allegations set forth in Paragraph 30 and specifically deny any allegation or implication that Defendant Brooks was negligent.**

31.     That the point of impact where Brooks struck the power line was located approximately twenty (20) feet away from the bright yellow bucket truck, with its emergency warning equipment activated, along with the truck's accompanying line trailer.

**ANSWER**:     **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and, therefore, said allegations are deemed denied.**

32.     That upon information and belief, after striking the overhead line, Brooks continued forward in the R+L truck, thereby pulling the electrical line along with the truck.

**ANSWER**:    **In response to the allegations set forth in Paragraph 32 of the Complaint, Defendants admit that Defendant Claude Brooks struck a power line at the location described. Defendants deny as stated the remaining allegations set forth in Paragraph 32 and specifically deny any allegation or implication that Defendant Brooks was negligent.**

33.     That upon information and belief, the force from the impact and the R+L truck continuing forward after the initial impact resulted in significant tension in the overhead line which continued forward with the progression of the R+L truck.

**ANSWER**:    **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent.**

34.     That as Brooks continued forward in the R+L truck after striking the overhead line, the electrical pole that Plaintiff was actively working on snapped violently from the bottom due to the resulting tension and thereby caused Plaintiff to fall approximately twenty (20) feet to the ground below.

**ANSWER**:    **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent.**

320944389v.1



**Snapped Utility Pole at Scene with R+L Truck in Background**

35.    That upon information and belief, after striking the electric line and continuing forward to a point of the force causing multiple solid wood electric poles to snap in half, Brooks left the scene of the incident and continued toward his destination in the R+L truck on Williamsridge Lane.

**ANSWER**:    **In response to the allegations set forth in Paragraph 35 of the Complaint, Defendants admit that Defendant Claude Brooks struck a power line at the location described. Defendants deny as stated the remaining allegations set forth in Paragraph 35 and specifically deny that Defendant Brooks "left the scene of the incident."**

320944389v.1

36.    After falling approximately twenty (20) feet to the ground, Plaintiff's body was surrounded by live electrical power lines which were also damaged as the result of the impact from the R+L truck operated by Brooks.

**ANSWER**:    **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent or caused Plaintiff's alleged injuries.**

37.    That given the active electrical power lines which surrounded the Plaintiff's body on the ground, responding emergency medics were unable to access the Plaintiff's body until additional first responders could arrive at the scene and disconnect the electricity flowing to the damaged power lines.

**ANSWER**:    **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent or caused Plaintiff's alleged injuries.**

38.    That Plaintiff remained conscious throughout the entirety of his extraction from the downed powerlines, experiencing severe pain in his lower back and left hip as the result of the pubic ring and sacral joint fractures he sustained in the fall.

**ANSWER**:    **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent or caused Plaintiff's alleged injuries.**

39.     That after arriving on scene, it would take more than twenty (20) minutes for emergency medical personnel to ultimately access the Plaintiff's body.

**ANSWER**:     **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent or caused Plaintiff's alleged injuries.**

40.     That given the remote location of the subject incident, the responding emergency air ambulance (helicopter) could not access the area and was required to land at a football field more than a mile away where the Plaintiff would be taken in an ambulance to meet the air ambulance.

**ANSWER**:     **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent or caused Plaintiff's alleged injuries.**

41.     That given the life-threatening severity of his injuries, Plaintiff was transported via air ambulance to the Level One trauma center at University of Cincinnati Hospital.

**ANSWER**:     **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent or caused Plaintiff's alleged injuries.**

42.     Plaintiff suffered permanent injuries and substantial damages and will require additional medical care and management for the rest of his life.

**ANSWER**:     **Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, therefore, said allegations are deemed denied. Defendants specifically deny any allegation or implication that Defendant Brooks was negligent or caused Plaintiff's alleged injuries.**

## COUNT I – NEGLIGENCE/GROSS NEGLIGENCE
### (ALL DEFENDANTS)

43.     Plaintiff incorporates by reference the allegations set forth above, as if set forth verbatim.

**ANSWER**:     **In response to the allegations set forth in Paragraph 43 of the Complaint, Defendants restate and incorporate by reference as if fully restated herein their defenses and responses to the allegations set forth in Paragraphs 1 through 42 of the Complaint.**

44.     The Defendants herein breached their duties of reasonable care owed to members of the general public, including Plaintiff, with each breach serving as a direct and proximate cause of the Plaintiff's injuries and damages.

**ANSWER**:     **Denied.**

45.     At the time of the crash, Defendant Brooks had a duty to operate the R+L tractor - trailer in a safe and reasonable manner. This general duty included, but was not limited to:

      a.     Performing regular traffic and roadway checks while operating the tractor-trailer;

      b.     Keeping a proper lookout for other vehicles, pedestrians and roadway hazards;

      c.     Not driving while distracted;

320944389v.1

d.    Appropriately managing the space to all sides and above his commercial truck;

e.    Reducing speed and being cautious around road hazards (including overhead hazards); and

f.    Properly signaling to others to inform them of the tractor trailer's position on the roadway.

**<u>ANSWER</u>:    The allegations set forth in Paragraph 45 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit only that Defendant Brooks had certain obligations imposed by law with respect to the operation of a commercial motor vehicle. Defendants deny as stated the remaining allegations set forth in Paragraph 45 and specifically deny any allegation or implication that Defendant Brooks was negligent or violated any legal duty owed.**

46.    R+L Defendants, by and through their agents and/or employees, knew or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

a.    The risks associated with unsafe drivers;

b.    The risks associated with failing to train drivers to obey the Federal Motor Carrier Safety Regulations;

c.    The risks associated with failing to have adequate risk management policies and procedures in place;

d.    The risks associated with improper dispatch and/or route planning for its fleet of tractor-trailers and drivers;

320944389v.1

e.      Failing to have policies and procedures in place to identify fatigued, unsafe
and/or undertrained drivers; and

f.      Failing to protect the members of the public, such as the Plaintiff, from the
risks described above.

**ANSWER**:    **Denied.**

47.    The Defendants' conduct was negligent, reckless, grossly negligent, malicious,
careless, willful, and wanton.

**ANSWER**:    **Denied.**

## COUNT II – NEGLIGENCE PER SE
## (ALL DEFENDANTS)

48.    Plaintiff adopts and reiterates each and every allegation previously set forth herein
and incorporates the same by reference.

**ANSWER**:    **In response to the allegations set forth in Paragraph 48 of the
Complaint, Defendants restate and incorporate by reference as if fully restated herein their
defenses and responses to the allegations set forth in Paragraphs 1 through 47 of the
Complaint.**

49.    That the Defendants at all times relevant herein had several statutory duties
imposed upon them by the Federal Motor Carrier Safety Regulations and Indiana statutory law.

**ANSWER**:    **The allegations set forth in Paragraph 49 of the Complaint are pure
legal conclusions to which no response is required. To the extent any response is required,
Defendants admit only that Defendant Brooks had certain obligations imposed by law with
respect to the operation of a commercial motor vehicle. Defendants deny as stated the
remaining allegations set forth in Paragraph 49 and specifically deny any allegation or
implication that Defendant Brooks was negligent or violated any legal duty owed.**

50.    That, pursuant to Indiana common law, a person injured by the violation of any statute may recovery in a civil action for such violations.

**ANSWER**:    **The allegations set forth in Paragraph 50 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit only that Defendant Brooks had certain obligations imposed by law with respect to the operation of a commercial motor vehicle. Defendants deny as stated the remaining allegations set forth in Paragraph 50 and specifically deny any allegation or implication that Defendant Brooks was negligent or violated any legal duty owed or that recovery against any Defendant to this action is legally supportable or proper.**

51.    That, pursuant to Indiana common law, Plaintiff has suffered injuries and damages which were the direct and proximate result of the Defendants' statutory violations.

**ANSWER**:    **Denied.**

52.    That IC 9-21-8-21, 9-21-8-37 and/or other relevant statutes are applicable to this action and, as such, Plaintiff may recover against the Defendants for their violation thereof.

**ANSWER**:    **Denied.**

53.    That IC 9-21-8-21(a)(1) states that "A person who drives a vehicle intending to turn at an intersection must do the following: make both the approach for a right turn and a right turn as close as practical to the right-hand curb or edge of the roadway."

**ANSWER**:    **The allegations set forth in Paragraph 53 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit that this Paragraph correctly quotes the cited statute. Defendants deny any allegation or implication that Defendant Brooks violated the cited statute in connection with the subject accident.**

54.    That Brooks violated IC 9-21-8-21 and such violation was a direct and proximate cause of the subject incident and Plaintiff's resulting damages.

**ANSWER**:    **Denied.**

55.    That IC 9-21-8-37 states that a person who drives a vehicle shall "exercise due care to avoid colliding with a pedestrian".

**ANSWER**:    **The allegations set forth in Paragraph 55 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit that this Paragraph correctly quotes the cited statute. Defendants deny any allegation or implication that Defendant Brooks violated the cited statute in connection with the subject accident.**

56.    That Brooks violated IC 9-21-8-37 and such violation was a direct and proximate cause of the subject incident and Plaintiff's resulting damages.

**ANSWER**:    **Denied.**

57.    That the truck that Brooks was operating at the time of the subject incident was a commercial motor vehicle as defined by IC 9-13-2-31.

**ANSWER**:    **The allegations set forth in Paragraph 57 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, admitted.**

58.    That Indiana has adopted the Federal Motor Carrier Safety Regulations by and through IC 8-2.1-24-18, which states that "49 CFR Parts 40, 375, 380, 382 through 387, 390 through 393, and 395 through 398 are incorporated into Indiana law by reference, and, except as provided in subsections (d), (e), (f), (g), and (j), must be complied with by an interstate and intrastate motor carrier of persons or property throughout Indiana".

**ANSWER**:    **The allegations set forth in Paragraph 58 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, admitted.**

59.    That at all times relevant herein, Brooks and the R+L Defendants were required to comply with the Federal Motor Carrier Safety Regulations.

**ANSWER**:    **The allegations set forth in Paragraph 59 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, admitted.**

60.    That 49 C.F.R. 383.111(4) requires that all operators of commercial motor vehicles have knowledge and skills relating to "turning the vehicle, e.g., basic rules, off tracking, right/left turns and right curves".

**ANSWER**:    **The allegations set forth in Paragraph 60 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit that this Paragraph correctly quotes the cited regulation. Defendants deny any allegation or implication that Defendant Brooks violated the cited regulation in connection with the subject accident.**

61.    That 49 C.F.R. 383.111(7) requires that all operators of commercial motor vehicles have knowledge and skills relating to "the importance of proper visual search, and proper visual search methods, including: (i) Seeing ahead and to the sides; (ii) Use of mirrors; and (iii) Seeing to the rear".

**ANSWER**:    **The allegations set forth in Paragraph 61 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit that this Paragraph correctly quotes the cited regulation. Defendants deny**

any allegation or implication that Defendant Brooks violated the cited regulation in connection with the subject accident.

62.    That 49 C.F.R. 383.111(10) requires that all operators of commercial motor vehicles have knowledge and skills relating to "the procedures and techniques for controlling the space around the vehicle, including (i) the importance of space management".

**ANSWER**:    The allegations set forth in Paragraph 62 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit that this Paragraph correctly quotes the cited regulation. Defendants deny any allegation or implication that Defendant Brooks violated the cited regulation in connection with the subject accident.

63.    That 49 C.F.R. 383.111(13) requires that all operators of commercial motor vehicles have knowledge and skills relating to "the basic information on hazard perception and clues for recognition of hazards, including: (i) Road characteristics; and (ii) Road user activities".

**ANSWER**:    The allegations set forth in Paragraph 63 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit that this Paragraph correctly quotes the cited regulation. Defendants deny any allegation or implication that Defendant Brooks violated the cited regulation in connection with the subject accident.

64.    That 49 C.F.R. 390.3(e)(1) requires that "every employer be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations".

**ANSWER**:    The allegations set forth in Paragraph 64 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required,

**Defendants admit that this Paragraph correctly quotes the cited regulation. Defendants deny any allegation or implication that Defendants violated the cited regulation in connection with the subject accident.**

65.    That 49 C.F.R. 390.3(e)(2) requires that "every driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter".

**<u>ANSWER</u>:    The allegations set forth in Paragraph 65 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit that this Paragraph correctly quotes the cited regulation. Defendants deny any allegation or implication that Defendant Brooks violated the cited regulation in connection with the subject accident.**

66.    That Brooks and the R+L Defendants did not have the knowledge and/or skills required by the aforementioned 49 C.F.R. 383.11 provisions and/or failed to comply with the provisions.

**<u>ANSWER</u>:    Denied.**

<u>**COUNT III – RESPONDEAT SUPERIOR**</u>
**(DEFENDANTS R+L and R&L CARRIERS)**

67.    Plaintiff adopts and reiterates each and every allegation previously set forth herein and incorporates the same by reference.

**<u>ANSWER</u>:    In response to the allegations set forth in Paragraph 67 of the Complaint, Defendants restate and incorporate by reference as if fully restated herein their defenses and responses to the allegations set forth in Paragraphs 1 through 66 of the Complaint.**

320944389v.1

68.    At the time of the subject incident, Brooks was in the course and scope of his employment with R+L and/or R&L Carriers.

**ANSWER**:    **The allegations set forth in Paragraph 68 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant Greenwood Motor Lines, Inc., admits only that Defendant Claude Brooks was operating in his capacity as its agent at the time of the subject motor vehicle accident.**

69.    That the R+L Defendants are liable for the damages to the Plaintiff as claimed herein caused by the conduct of Brooks under the doctrine of *respondeat superior.*

**ANSWER**:    **Admitted.**

## COUNT IV – NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION (DEFENDANTS R+L and R&L CARRIERS)

70.    At all times herein, the R+L Defendants, negligently, carelessly, recklessly and/or unlawfully hired, retained, trained, and supervised their agents, employees, servants and/or independent contractors who they assigned to operate, drive, and control said vehicles, in that, among other things, the R+L Defendants knew or should have known that said persons were unfit for specific tasks to be performed during the course and scope of their employment and or agency, namely, the safe operation of said vehicles.

**ANSWER**:    **Denied.**

71.    At all times material hereto, R+L Defendants so negligently, carelessly, recklessly, and unlawfully owned, drove, entrusted, controlled, and otherwise so negligently operated said vehicles so as to cause the subject collision, thereby proximately and legally causing the injury of Plaintiff as hereinafter enumerated.

**ANSWER**:    **Denied.**

320944389v.1

72.     R+L Defendants owed duties to exercise reasonable care in the hiring, training, and supervision of employees and drivers, including Brooks, in the operation of trucks to avoid causing injuries to others and to promulgate and enforce policies, procedures, and rules to those ends. These duties included the duties to comply with the common law, Federal Motor Carrier Safety Regulations, industry standards and the relevant provisions of State law and regulations. 49 C.F.R. § § 383, 386, 390, 391, 392, and 395.

**ANSWER**:     **The allegations set forth in Paragraph 72 of the Complaint are pure legal conclusions to which no response is required. To the extent any response is required, Defendants admit only that Defendant Brooks had certain obligations imposed by law with respect to the operation of a commercial motor vehicle. Defendants deny as stated the remaining allegations set forth in Paragraph 72 and specifically deny any allegation or implication that Defendants violated any legal duty owed or that recovery against any Defendant to this action is legally supportable or proper.**

73.     R+L Defendants breached the duties they owed to Plaintiff by committing one or more of the following acts of negligence:

> a.     Failing to properly hire safe, qualified drivers for operation of commercial trucks, including Brooks;
>
> b.     Failing to properly supervise and train drivers for operation of commercial trucks, including Brooks;
>
> c.     Negligently retaining drivers, including Brooks;
>
> d.     Negligently entrusting drivers, including Brooks;

     e.     Negligently allowing, encouraging and/or aiding and abetting Brooks to operate a commercial interstate tractor-trailer while unfit, fatigued, or in excess of the allowable hours of operation thereof and/or distracted;

     f.     Otherwise failing to use reasonable care.

**<u>ANSWER</u>**:    **Denied.**

74.     The failures and negligence of the R+L Defendants legally caused the damages to Plaintiff, as set forth more fully below.

**<u>ANSWER</u>**:    **Denied.**

### <u>DAMAGES COMMON TO ALL COUNTS</u>

75.     The Plaintiff re-alleges the allegations above and incorporates the same by reference herein.

**<u>ANSWER</u>**:    **In response to the allegations set forth in Paragraph 75 of the Complaint, Defendants restate and incorporate by reference as if fully restated herein their defenses and responses to the allegations set forth in Paragraphs 1 through 74 of the Complaint.**

76.     Plaintiff is entitled to damages from the Defendants for his past and future medical expenses; lost wages and destruction of power to labor and earn income; past and future physical pain, suffering, and inconvenience; past and future emotional pain, suffering, and inconvenience; his increased risk for future injuries and damages; miscellaneous out-of-pocket expenses, both past and future, including, but not limited to, transportation costs, medical equipment, and replacement services; any other damages to which he is entitled, to include, but not be limited to specifically, pre-judgment and post-judgment interest and the expenses associated with pursuing this action and any related actions to collect damages from the Defendants herein.

320944389v.1

**ANSWER**:     **Denied.**

77.     That the conduct of the R+L Defendants and Brooks herein, both jointly and severally, constituted a flagrant disregard for the rights, lives, and safety of others, including the Plaintiff, with a subjective awareness that such conduct would likely result in human death or bodily harm, thus entitling the Plaintiff to the recovery of punitive damages.

**ANSWER**:     **Denied.**

**WHEREFORE**, Plaintiff, by counsel, demands as follows:

1.     That the Clerk of this Court issue Summons to each Defendant.

2.     Judgment for the Plaintiff against the Defendants, jointly and severally, for a fair and reasonable amount for all damages to which the Plaintiff is entitled, in an amount in excess of $75,000.

3.     Pre-judgment and post-judgment interest.

4.     The costs of pursuing this action.

5.     Trial by jury; and

6.     All just and proper relief to which the Plaintiff may appear to be entitled from the Defendants, including the right to amend this Complaint.

**ANSWER:     The remainder of the Complaint constitutes a prayer for legal relief to which no response is required. To the extent any response is required, Defendants deny Plaintiff is entitled to the relief requested and deny all liability in this matter.**

## **GENERAL DENIAL**

Any and all allegations not unequivocally and expressly admitted are intended to be and deemed denied.

## ADDITIONAL DEFENSES

Defendants Greenwood Motor Lines, Inc., and R&L Carriers Shared Services, LLC, pleading in the alternative and without prejudice to its answers or other defenses set forth above, hereby sets forth the following additional defenses.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against the Defendants upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's Complaint is barred and/or reduced by the doctrines of assumption of the risk and/or incurred risk.

## THIRD DEFENSE

Plaintiff is chargeable with fault for the injuries described in the Complaint and Plaintiff's fault is greater than any fault of all other persons whose fault may have proximately contributed to Plaintiff's alleged damages. Accordingly, Plaintiff is barred from recovery under Indiana Code § 34-51-3-6.

## FOURTH DEFENSE

Plaintiff is chargeable with fault for the injuries described in the Complaint and any award for damages should, therefore, be diminished proportionately to Plaintiff's share of fault under Indiana Code § 34-51-2-5.

## FIFTH DEFENSE

Defendants are entitled to a set-off of the amount of collateral source payments received by the Plaintiff against any judgment entered in favor of the Plaintiff resulting from the incident at

320944389v.1

issue, and, to the extent applicable, from any reduction in expenses pursuant to *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009), and related case law.

## SIXTH DEFENSE

To the extent Plaintiff has failed to mitigate his damages, such damages are barred.

## SEVENTH DEFENSE

The alleged injuries and damages were not caused by Defendants but by other parties or entities or by intervening and/or superseding acts of others.

## EIGHTH DEFENSE

Pursuant to Ind. Code § 34-51-2-16, Defendants identify Quality Linework, LLC, Plaintiff's employer at the time of the incident, as a responsible non-party, as the subject incident and Plaintiff's damages may have been caused in full or in part by the acts or omissions of said non-party. Quality Linework, LLC, was responsible for training Plaintiff and maintaining safe practices and procedures for utility work and construction. Defendants further identify any other nonparties who may be ascertained through ongoing investigation and discovery.

## NINTH DEFENSE

Plaintiff has failed to plead special damages with particularity, as required by Fed. R. Civ. P. 9(g).

## TENTH DEFENSE

Plaintiff has been compensated in whole or in part for the damages described in the Complaint and, therefore, his claims have been satisfied either in whole or in part.

## ELEVENTH DEFENSE

To the extent that Plaintiff violated any Indiana Code sections, Indiana Statutes, other Indiana laws, and/or rules, conditions, regulations, or safety guidelines, with respect to the

320944389v.1

occurrence in his Complaint for damages, it shall be deemed negligent per se and should be treated accordingly. Further, Plaintiff's recovery for the alleged damages in this case should be barred or otherwise limited for such violations.

**RESERVATION**

Defendants reserve the right to raise additional defenses and assert counterclaims, crossclaims, and third-party claims in the future as discovery progresses.

**PRAYER FOR RELIEF**

**WHEREFORE**, for the foregoing reasons, Defendants Greenwood Motor Lines, Inc., and R&L Carriers Shared Services, LLC, respectfully request the following relief:

1.      Dismissal of Plaintiff's claims, with prejudice;

2.      Their costs herein expended, including a reasonable attorney's fee;

3.      Trial by jury; and

4.      Any and all other relief to which they may reasonably appear to be entitled.

**DATED: September 24, 2025.**

Respectfully submitted,

*/s/ Edward M. O'Brien*
Edward M. O'Brien
J. Trey Shoemaker
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
100 Mallard Creek Rd., Suite 250
Louisville, KY  40207
502.238.8500
502.238.7844 (fax)
edward.obrien@wilsonelser.com
trey.shoemaker@wilsonelser.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was electronically filed with the Court on September 24, 2025, using the CM/ECF system, which will send notice of filing to the following counsel of record:

Jonathan B. Hollan
Terry Goodspeed
Sam Aguiar Injury Lawyers, PLLC
1900 Plantside Drive
Louisville, KY 40299
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
jhollan@kylawoffice.com
terry@kylawoffice.com
*Counsel for Plaintiff*

*/s/ Edward M. O'Brien*
*Counsel for Defendants*

320944389v.1